IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BENJAMIN RODRIGUEZ,                    )
                                       )
         Plaintiff,                    )
                                       )
v.                                     )          Civil Action No.:
                                       )
QUENELLER RENEE CLARK,                 )
                                       )
         Defendant.                    )
_____)

## COMPLAINT

COMES NOW the Plaintiff,  BENJAMIN RODRIGUEZ ("PLAINTIFF"), and files this

Complaint against DEFENDANT, QUNELLER RENEE CLARK ("DEFENDANT"),

respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1.    This is a cause of action to recover back pay, liquidated damages, attorney fees, costs

      of litigation and other relief from DEFENDANT for violations of the Fair Labor

      Standards Act ("FLSA") and for breach of contract.

2.    At all material times, PLAINTIFF was a citizen and resident of Florida.

3.    At all material times, DEFENDANT was an individual who made payroll decisions

      regarding employees such as PLAINTIFF and owned and operated a restaurant called

      Nola's Poboy Cajun Seafood, with a store in Gainesville, Florida, which is where

      PLAINTIFF worked at all material times.

## BACKGROUND

4.    PLAINTIFF brings this action to require DEFENDANT to pay back wages owed to

PLAINTIFF, which DEFENDANT failed to pay in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*.

5. At all relevant times, DEFENDANT acted through her officers, agents, servants and employees.

6. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216.

7. In or around October 2019, DEFENDANT hired PLAINTIFF to work as a cook who was to be paid on an hourly basis in the beginning.  Approximately one month after he started, DEFENDANT told PLAINTIFF that he would be salaried, but PLAINTIFF was only paid $150 under the table on one occasion and received no other compensation for his work.

8. The FLSA requires an employer to pay its employees at a rate of at least minimum wage for all hours worked and also requires an employer to pay its employees time and one-half when they work more than 40 hours per week.

9. Throughout his employment, PLAINTIFF worked 40 to 50 hours per week, but was not paid for his work other than as described in the foregoing paragraph.

10. Upon information and belief, DEFENDANT has, since the beginning of PLAINTIFF'S employment, willingly, deliberately and intentionally refused to pay PLAINTIFF for all of his hours at a rate of one and one-half times his usual hourly rate when he worked more than 40 hours per week.

11. PLAINTIFF therefore is owed compensation for time actually worked but not paid at the appropriate overtime rate by DEFENDANT, who willingly and knowingly withheld those wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

12.     The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

13.     DEFENDANT regularly engages in commerce and its employees, including PLAINTIFF, handled and used goods and materials which have moved in interstate commerce.

14.     At all relevant times, DEFENDANT was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. and is subject to the provisions of the Act.

15.     PLAINTIFF, at all relevant times was a non-exempt employee of DEFENDANT, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. who performed work for which he did not receive appropriate compensation.

16.     During his employment with DEFENDANT, PLAINTIFF performed work for which he was not properly compensated in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. More specifically, DEFENDANT violated the overtime provisions of the Fair Labor Standards Act by not paying PLAINTIFF time and one-half when for all his hours when he worked more than 40 hours in a week and the minimum wage provision of the Act by not paying him at least minimum wage for every hour he worked.

17.     Upon information and belief, DEFENDANT'S pay system was unilaterally imposed upon PLAINTIFF by DEFENDANT.

18.     DEFENDANT'S failure to compensate PLAINTIFF for his overtime violates the overtime provisions of the FLSA and the regulations thereunder.

19.     DEFENDANT'S failure to compensate PLAINTIFF for his overtime was a willful and

knowing violation of the Act.

20.     As a result of DEFENDANT'S willful and knowing failure to properly compensate

PLAINTIFF, he has suffered substantial delay in receipt of wages owed and damages.

21.     Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANT owes PLAINTIFF

compensation at a rate of one and one-half times his agreed hourly rate for the overtime

hours he worked, and an additional equal amount as liquidated damages, together with

an additional sum for attorney's fees and costs of litigation.

22.     All conditions precedent to maintaining this action have occurred or otherwise been

waived.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully

prays the Court that PLAINTIFF will recover unpaid wages, liquidated damages, pre- and post-

judgment interest, nominal damages, attorney fees and costs, and other relief by reason of

DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable, and, for such

other and further relief as the Court may deem just and proper.

## COUNT II
## BREACH OF CONTRACT

23.     The General Allegations and Background are hereby incorporated by reference as

though fully set forth herein.

24.     PLAINTIFF and DEFENDANT entered into an agreement pursuant to which

PLAINTIFF was to be paid for each hour he worked for DEFENDANT in the

beginning and then receive a salary.

25.     PLAINTIFF performed as he was supposed to perform pursuant to the parties'

agreement, but DEFENDANT breached the agreement by failing to pay PLAINTIFF

4

for the hours he worked throughout his employment other than one time making a cash payment of $150.

26.     As a result, PLAINTIFF has been forced to retain counsel to obtain his unpaid wages and PLAINTIFF is seeking reimbursement for his legal fees.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover lost wages, pre- and post-judgment interest, other compensatory damages, attorney's fees and costs of litigation, nominal damages, and other relief by reason of DEFENDANT'S violation of the FLSA's retaliation provision; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

Dated:  December 27, 2019

Respectfully submitted,

**THE LAW OFFICE OF MATTHEW BIRK**

**/s/ Matthew W. Birk**
**Matthew W. Birk**
Florida Bar No.:  92265
309 NE 1st Street
Gainesville, FL  32601
(352) 244-2069
(352) 372-3464 FAX
mbirk@gainesvilleemploymentlaw.com
ATTORNEYS FOR PLAINTIFF